Bay, J.
Who heard the motipn, said the whole of the arguments might be condensed within a very narrow compass, and the great question then would be, whether a bond held by an inhabitant of tlie city of Charleston, where the obligor resided beyond the boundary-street was subject to taxation or *376 notAnd the solution of the question appeared to him to be so plain and obvious in itself, that it was hard to conceive how a difficulty could have arisen upon the subject; for in his opinion, it was totally immaterial from what quarter the funds were to come to pay the bonds held by an inhabitant of the city. The only point for the consideration of the city council was the amount of the funds actually possessed by the citizen or inhabitant, come from what quarter of the world they might, and then to fix the per centage on that amount. It was the quantum possessed, they had in view, and not the mode or manner in which the money was raised, or in what place, or on whatcontract it originated. It was quite enough for them to be satisfied that the relator lived within the limits of the city and enjoyed all the privileges and advantages of the city institutions, and was in possession of the funds subject to taxation. The clause in the city charter relied upon by the recorder was clear and express upon the subject, and the city ordinance appeared to him to have been made in conformity to the powers given in the charter; and there was not an article in the constitution that he could discover, or any law of the land, against it. He was therefore, of opinion, that the motion should be refused, and the suggestion should be dismissed.
From this opinion the plaintiff appealed.
Nott, J.
This court concur in opinion with the presiding judge below.
Motion refused.
Holmes, for the motion.
The 'Recorder, contra.